IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CASE NO. CR410-267 |
| RONALD SMITH, | ) |
| Defendant. | ) |

## ORDER

Before the Court are Defendant Ronald Smith's Motion for Judgment of Acquittal (Doc. 51) and the Government's Motion to Dismiss (Doc. 52). For the following reasons, Defendant's motion is **DENIED** and the Government's motion is **GRANTED**. Accordingly, the indictment against Defendant is **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

Defendant was indicted for one count each of bank fraud, making a false statement in a loan application, and mail fraud; and two counts of wire fraud. (Doc. 1.) Specifically, the Government alleged that Defendant fraudulently stated in a loan application that he earned $8,500 a month from working at a tailor's shop. (Id.) It was undisputed that Defendant was never employed by the tailor's shop and, as a result, did not receive any monthly income from that source. Rather, Defendant contended that he never provided that information to the lender,

arguing that his wife at the time submitted that information without his knowledge. Following a two day trial, the jury deadlocked on all counts. As a result, the Court declared a mistrial.

Following the trial, Defendant filed a timely Motion for Judgment of Acquittal. (Doc. 51.) In the motion, Defendant argues that the Court "should enter a judgment of acquittal as to each and every count of the indictment" because "the evidence presented at trial was insufficient to sustain a conviction." (Id. at 4.) In response, the Government moved to dismiss the indictment without prejudice. (Doc. 52.) Defendant has objected to dismissal without prejudice, arguing that the Government's request was made in bad faith and that such a dismissal would be prejudicial to Defendant's rights. (Doc. 53 at 3.)

**ANALYSIS**

I. <u>DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL</u>

In assessing a Federal Rule of Criminal Procedure 29 motion for judgment of acquittal, the Court must determine if the evidence presented at trial would allow a reasonable jury to find, beyond a reasonable doubt, that the defendant committed the elements of a charged offense. United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011). The evidence must be viewed in the light most favorable to the Government, with all reasonable

inferences and credibility determinations resolved in the Government's favor. Id. After reviewing the evidence in this case, the Court concludes that Defendant's Motion for Judgment of Acquittal must be **DENIED**.

As the Court instructed the jury at trial, Defendant could be found guilty if the jury concluded that he knowingly made a false statement regarding a loan application with the intent to influence the lender's decision to offer Defendant a loan. In the Court's opinion, there was ample evidence that would allow a reasonable jury to conclude that Defendant committed the charged offense. For example, the attorney performing the closing, Mr. Robert Brannen, testified that the borrower was present at the closing and signed the required documents, which included the statement of income. Mr. Brannen testified that he did not recall the closing as anything but ordinary. Also, the loan officer at JP Morgan Chase testified that he took the income information over the phone from an individual he believed to be Defendant and used the information to fill out a Uniform Residential Loan Application. While this is not an exhaustive list of the inculpatory evidence presented by the Government, the Court concludes that the Government presented evidence sufficient to allow a reasonable jury to determine, beyond a reasonable doubt, that Defendant knowingly made false statements concerning his monthly income in connection with the loan

application. As a result, Defendant is not entitled to a judgment of acquittal in this case.

II. THE GOVERNMENT'S MOTION TO DISMISS

In this motion, the Government seeks to dismiss the indictment against Defendant without prejudice. (Doc. 52.) In response, Defendant argues that the indictment should be dismissed with prejudice because the Government submitted the motion in bad faith and such a dismissal would be prejudicial to Defendant. (Doc. 53 at 2.) Specifically, Defendant contends that the Government acted in bad faith by bringing the motion in response to Defendant's Motion for Acquittal. (Id. at 3.) Regarding prejudice, Defendant reasons that granting the Government's motion will prejudice Defendant by rendering moot his Motion for Acquittal. (Id.)

In determining whether the Government acted in bad faith, the Court must look at the propriety of the Government's decision to cease prosecuting a defendant. United States v. Collins, 300 F. App'x 663, 666 (11th Cir. 2008). However, the Court presumes that the Government's decision was made in good faith. Id. After careful consideration, the Government's Motion to Dismiss is **GRANTED** and the indictment against Defendant is **DISMISSED WITHOUT PREJUDICE**.

Defendant's arguments against dismissal without prejudice are based on the assumption that the purpose of the Government's

4

Motion to Dismiss was to moot his Motion for Acquittal, thus preventing the Court from reaching the merits of Defendant's request. However, the Court has assessed the merits of Defendant's arguments with respect to acquittal and determined that a judgment of acquittal is not warranted in his case. Because Defendant's arguments against dismissal without prejudice are now moot, Defendant has failed to adequately rebut the presumption that the Government's motion was made in good faith. Similarly, Defendant is now unable to show any resulting prejudice from the Court granting the Government's motion because the Court has assessed the merits of his request for a judgment of acquittal. Accordingly, the Government's request to dismiss the indictment against Defendant without prejudice is granted.

SO ORDERED this 29th day of May 2012.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA